Adam Alba (13128)
 alba@mcg.law
Yevgen Kovalov (16297)
 kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W Pierpont Ave,
Salt Lake City, Utah 84101
Telephone: 801.359.9000

Attorneys for TNT Consulting, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CRYSTAL DIAGNOSTIC LABS, LLC. a Wyoming limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**TNT CONSULTING GROUP, LLC, a Wyoming limited liability company; and TIM SHIRATA, an individual,**<br><br>Defendants. | **TNT CONSULTING GROUP, LLC'S ANSWER TO COMPLAINT**<br><br><br><br><br><br>Case No.: 2:22-cv-134<br><br>Honorable Jared C. Bennett |

Defendant TNT Consulting Group, LLC ("TNT" or "Defendant") submits this Answer to Complaint.

Defendant denies every allegation except as expressly identified below. Defendant responds to the allegations as set forth in the Complaint, and Defendant duplicates headings only for convenience and not as an admission of the headings.

## ANSWER TO COMPLAINT

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Admit.

3. Defendant admits only that Shirata is an individual who resides in California. Defendant denies all other allegations of paragraph 3.

### JURISDICTION AND VENUE

4. The allegations of paragraph 4 are legal conclusions and therefore no response is required.  The agreements between the parties speak for themselves.

5. The allegations of paragraph 5 are legal conclusions to which no response is required.

6. The allegations of paragraph 6 are legal conclusions to which no response is required.

### GENERAL ALLEGATIONS

7. Admit.

8. The allegations of paragraph 8 are legal conclusions to which no response is required.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

## FIRST CAUSE OF ACTION

17. Defendant incorporates by reference its preceding responses.

18. The allegations of paragraph 18 are legal conclusions to which no response is required.

19. The allegations of paragraph 19 are legal conclusions to which no response is required.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

## SECOND CAUSE OF ACTION

24. Defendant incorporates by reference its preceding responses.

25. The allegations of paragraph 25 are legal conclusions to which no response is required.

26. Deny.

27. Deny.

28. Deny.

## THIRD CAUSE OF ACTION

29. Defendant incorporates by reference its preceding responses.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

## FOURTH CAUSE OF ACTION

37. Defendant incorporates by reference its preceding responses.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

## FIFTH CAUSE OF ACTION

45. Defendant incorporates by reference its preceding responses.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

## SIXTH CAUSE OF ACTION

52. Defendant incorporates by reference its preceding responses.

53. Deny.

54. Deny.

55. Deny.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief set forth in the complaint.

## DEFENSES

### FIRST DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to unclean hands and bad faith.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the fact that, if it suffered any injury or damages, any such injury or damage was caused in whole or in part by Plaintiff's acts, omissions, and/or own conduct.

### FOURTH DEFENSE

To the extent Plaintiff has any claim for damages, such claims are barred because any loss, damage, or injury, as alleged in the complaint or otherwise, if any, is the direct and proximate result of intervening and/or superseding conduct of parties other than Defendant.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has not suffered any damages.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all acts undertaken by Defendant were lawful.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all acts undertaken by Defendant were in good faith.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, acquiescence, release, and laches.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to take reasonable steps to mitigate its damages, if any.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to misrepresentation, fraud, fraudulent inducement, or mutual mistake.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, or any recovery thereon must be reduced, because its alleged damages, if any, are speculative at best and cannot be proven with reasonable certainty.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the first breach rule and/or by Plaintiff's failure to perform under the alleged agreement(s).

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has failed to identify any alleged trade secrets with sufficient specificity.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it failed to use reasonable means to protect its alleged trade secrets.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not use any improper means.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if Defendant obtained any information from Plaintiff, Defendant has not obtained any benefit from any of Plaintiff's information.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this Court does not have personal jurisdiction over Defendant.

### RESERVATION

Defendant expressly reserves the right to assert such additional defenses and/or affirmative defenses that may be appropriate as discovery is conducted and through the natural progression of this case.

### DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss all of Plaintiff's claims against it with prejudice, award costs and attorney fees to Defendant, and grant such other relief as the Court deems just and proper.

DATED this 4th day of March, 2022.

MAGLEBY CATAXINOS & GREENWOOD, PC

/s/ Adam Alba
Adam Alba
Yevgen Kovalov
*Attorneys for TNT Consulting Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **TNT CONSULTING GROUP, LLC'S ANSWER TO COMPLAINT**

was delivered to the following this 4th day of March 2022, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail

Jared D. Scott
 jscott@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035

*Attorneys for Plaintiff Crystal Diagnostic Labs, LLC*

/s/ H. Evan Gibson

9